UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL TORRES., <br><br> Plaintiff, <br><br> v. <br><br> ISMAIL PATEL, et.al., <br><br> Defendants. | Case No.: 1:18-cv-00188-LJO-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL <br><br> [ECF No. 23] |

Plaintiff Miguel Torres is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on January 11, 2019. (ECF No. 23.) Plaintiff argues that his case is a complex medical case that may require expert testimony, and that he is without legal experience. He further argues that he is indigent, and presents evidence showing that his attempts at requesting legal representation have been unsuccessful.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, the Court does not find the required exceptional circumstances. The deliberate indifference claim that Plaintiff pursues in this case is not particularly complex, and Plaintiff has thoroughly set forth his allegations in his pleadings. This matter is in the early stages, and the Court cannot determine that Plaintiff is likely to succeed on the merits. Further, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Accordingly, Plaintiff's motion for appointment of counsel, filed on January 11, 2019 (ECF No. 23), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 14, 2019**

UNITED STATES MAGISTRATE JUDGE