# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL TORRES,<br><br>        Plaintiff,<br><br>    v.<br><br>ISMAIL PATEL, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00188-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF No. 34)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Miguel Torres is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Patel, Ulit, Spaeth, Manasrah, and Serda for deliberate indifference in violation of the Eighth Amendment. (ECF No. 18.)

Currently before the Court is Plaintiff's motion for a temporary restraining order and a preliminary injunction, filed on May 28, 2019. (ECF No. 34.) On June 27, 2019, Defendants Patel, Ulit, Manasrah, Spaeth, and Serda filed an opposition to Plaintiff's motion for a temporary restraining order and a preliminary injunction. (ECF No. 40.) Plaintiff did not file a reply, and the time in which to do so has passed. Therefore, Plaintiff's motion for injunctive relief has been submitted for decision. Local Rule 230(l).

///

///

1

# I.

# LEGAL STANDARD

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend."). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A preliminary injunction can take two forms. A prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009) (internal alterations and quotation marks omitted). "A mandatory injunction orders a responsible party to take action." Id. at 879 (internal quotation marks omitted). Since a "mandatory injunction goes well beyond simply maintaining the status quo[,]" mandatory injunctions are "particularly

2

disfavored." Id. (internal quotation marks omitted.) "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. (internal quotation marks omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

**II.**

**DISCUSSION**

**A.** **Summary of Plaintiff's Motion**

Plaintiff asserts that he is a state prisoner whose ADA (Americans with Disabilities Act) status and appliances and medical appliances were all taken away and that he is presently being denied access to medical treatment and appropriate medical care. (ECF No. 34.)

On August 12, 2016, Plaintiff suffered second-degree burns to his feet, legs, and buttocks. (Id. at 2.) After receiving medical treatment at San Joaquin Community Hospital, Plaintiff had

3

ongoing complications with walking at Kern Valley State Prison ("KVSP"). (Id.) In December 2018, Plaintiff had a medical consultation with Dr. Asela Jumao-as, a neurologist. Dr. Jumao-as recommended that Plaintiff be provided with an increase in his Lyrica medication, to combine Lyrica with another medication, oxcarbazepine, a consultation with a pain specialist, and that alternative pain control modalities, such as a TENS unit and/or nerve blocks, should be considered. (Id.) Plaintiff received the medications immediately, which allowed Plaintiff to take multiple steps unaided by his ADA appliances. However, over time, Plaintiff lost the ability to take multiple steps. (Id.)

In February 2019, Plaintiff had a consultation with a PMLR, who identified himself as also being a pain specialist. However, Plaintiff discovered that the individual was not a pain specialist. (Id. at 2-3.) After filing a 602 appeal requesting a TENS unit, nerve blocks, a consultation with a pain specialist, and referral to another neurologist, Plaintiff received a TENS unit. (Id. at 3.)

On May 12, 2019, Plaintiff was called out his cell for a medical consultation with Doctor John Doe 1. Plaintiff went to the appointment on crutches. (Id. at 3.) During the appointment, Doctor John Doe 1 decided to take Plaintiff's crutches and orthopedic boots away. (Id. at 3-4.) When Plaintiff protested and stated that he had just received a TENS unit because he could not walk, Doctor John Doe 1 stated that he was taking away Plaintiff's TENS unit as well. (Id. at 4.) Plaintiff was told to leave the clinic, but Plaintiff protested that he could not walk. After the doctor told the correctional officers to take away Plaintiff's crutches and that Plaintiff could walk, Plaintiff was dragged out of the clinic by his arms. (Id. at 4-5.) Even though Plaintiff had ADA status and a medical order from his primary care physician for his crutches, his crutches and the rest of his medical and ADA appliances were taken away. (Id. at 5.)

On May 17, 2019, Plaintiff had another appointment with Doctor John Doe 1. (Id.) At the second appointment, the doctor cancelled Plaintiff's nerve pain medications and told the nurse to refer Plaintiff to mental health services because Plaintiff was saying that he could not walk. (Id. at 5-6.)

Plaintiff states that, due to Doctor John Doe 1's actions in taking away Plaintiff's

4

ADA/medical appliances and cancelling Plaintiff's nerve pain medication, Plaintiff is in pain and is unable to walk. Plaintiff states that he is suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk his feet will be further damaged. (Id. at 6.)

Plaintiff asks the Court to issue the following preliminary injunctive relief: (1) to order Kern Valley State Prison ("KVSP") Warden Pfeiffer to investigate the events that transpired as stated in Plaintiff's motion and ensure that KVSP medical staff provide Plaintiff with necessary medical care; (2) to order KVSP Associate Warden/ADA Coordinator Cortez to reinstate Plaintiff's ADA status, to return all of Plaintiff's ADA appliances (crutches, orthopedic boots, orthopedic insole, medical hand gloves, and any other appliances medical personnel deem necessary), and to provide oversight so that due process is utilized before any other medical staff is able take Plaintiff's ADA status and appliances away; (3) to order KVSP's Chief Medical Officer to return Plaintiff's TENS unit and medications and to abide by Dr. Jumao-as' recommendations for Plaintiff's medical care (a consultation with a certified pain specialist for nerve blocks and a follow-up consultation with another neurologist); (4) to order KVSP's health care appeals staff to not take any further retaliatory actions towards Plaintiff and his medical care and not to send another doctor to take away all of Plaintiff's ADA/medical appliances just because Plaintiff exercised his right to file grievances and a lawsuit; (5) to order Defendant Patel, Plaintiff's primary care physician, to stop delaying Plaintiff's medical care, to return Plaintiff's ADA status, medical appliances, and medications, to comply with Dr. Jumao-as' recommendations for Plaintiff's medical care, and to expedite any and all future medical appointments and recommendations by any and all specialists that Plaintiff may see in the future without any further delay; and (6) to order Doctor John Doe 1 to not take any retaliatory actions towards Plaintiff, to not incite the correctional officers to assault Plaintiff again, to not lie to medical and custody staff about Plaintiff's medical condition again, and to not take any further action in relation to Plaintiff's medical care. (Id. at 7-8.)

**B. Analysis**

First, the Court notes that, while Plaintiff's motion seeks a preliminary injunctive relief

5

against KVSP Warden Pfeiffer, the KVSP Associate Warden/ADA Coordinator, the KVSP Chief Medical Officer, KVSP's health care appeals staff, Doctor Patel, and Doctor John Doe 1, only Doctor Patel is a named Defendant in this action. As noted above, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969. Since the Court's jurisdiction is limited to the parties named in this action, the Court has no jurisdiction to issue preliminary injunctive relief against KVSP Warden Pfeiffer, the KVSP Associate Warden/ADA Coordinator, the KVSP Chief Medical Officer, KVSP's health care appeals staff, and Doctor John Doe 1. See Zepeda v. United States Immigration & Naturalization Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Second, it appears that Plaintiff is seeking to expand his causes of action by using the request for preliminary injunctive relief as a means to litigate additional claims unrelated to those set forth in Plaintiff's first amended complaint and found cognizable by the Court. This action is proceeding on Plaintiff's first amended complaint against Defendants Patel, Ulit, Spaeth, Manasrah, and Serda for deliberate indifference in violation of the Eighth Amendment, based on Plaintiff's burned feet and legs and high blood pressure in 2016 and 2017. (ECF Nos. 14, 18.) On the other hand, the allegations on which Plaintiff bases his motion for preliminary injunctive relief concern events that occurred at KVSP in May 2019, more than a year after this action was filed in February 2018 and approximately 11 months after Plaintiff's first amended complaint was filed in June 2018. (ECF Nos. 1, 14.) However, the purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Here, since "the scope of litigation is framed by the complaint at the time it is filed[,]" the events that occurred in May 2019 are not currently within the scope of this action. Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 739 (9th Cir. 1984). As the Court's jurisdiction to grant preliminary injunctive relief in this case is limited to the viable legal claims upon which this action is proceeding, this Court has no jurisdiction to issue an injunction based on Plaintiff's allegations

regarding the events that occurred at KVSP in May 2019.  Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

Therefore, Plaintiff's motion for a temporary restraining order and a preliminary injunction, (ECF No. 34), should be denied.

## III.

## CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and a preliminary injunction, (ECF No. 34), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 25, 2019**

UNITED STATES MAGISTRATE JUDGE