UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL TORRES,<br><br>Plaintiff,<br><br>v.<br><br>ISMAIL PATEL, et al.,<br><br>Defendants. | No. 1:18-cv-00188-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 48, 54) |

Plaintiff Miguel Torres is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 3, 2020, the magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. (Doc. No. 54.) The findings and recommendations were served on the parties and contained notice that objections were due within thirty days. (*Id.* at 20.) After receiving an extension of time, plaintiff filed his objections on November 6, 2020. (Doc. No. 57.)

Plaintiff's objections almost mirror his statement of disputed facts which he submitted in opposition to defendants' motion for summary judgment. (*Compare* Doc. No. 52 at 3–6, *with* Doc. No. 57 at 1–20.) In the findings and recommendations, the magistrate judge noted that

1

plaintiff "disputes several of Defendants' statements of facts, but fails to cite to the record or exhibit for evidentiary support." (Doc. No. 54 at 4 n.2.) Plaintiff attempts to correct this deficiency in his objections to the findings and recommendations by including references to the record and exhibits for each disputed fact. (*See generally* Doc. No. 57 at 1–20.) Furthermore, plaintiff's objections include a motion to augment the record or introduce more evidence, in which plaintiff seeks to submit seven exhibits to corroborate his opposition to defendants' motion for summary judgment and to demonstrate that most of the material facts are disputed. (*Id.* at 21–44 (including nursing care record dated August 25, 2016; defendant Patel's progress notes dated October 11, 2016; and plaintiff's 602 healthcare appeal, log number 16037750).)

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). "[I]n making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622. The court has reviewed the additional exhibits now offered by plaintiff but finds that they do not alter the court's analysis and conclusion.

Even considering plaintiff's new exhibits, his factual disputes primarily center "on the ground that Defendants failed to follow a proper treatment plan and did not provide adequate medications." (Doc. No. 54 at 4 n.3; *see, e.g.*, Doc. No. 57 at 10–11 (asserting that plaintiff did not "receive the medical treatment ordered for [his] hypertension by Dr. J. Sao . . .").) However, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014). Plaintiff instead "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Id.* (citation and internal quotation marks omitted).

The magistrate judge considered plaintiff's statement of disputed facts but concluded that even assuming the validity of plaintiff's contentions, he had not come forward with evidence that

could demonstrate deliberate indifference on the part of defendants.  (*See, e.g.*, Doc. No. 54 at 17–18 ("In any event, even assuming that Plaintiff has presented evidence from which a jury could find 'that the course of treatment Dr. Patel chose was medically unacceptable under the circumstances,' there is still no genuine issue of material fact in dispute that Patel refused the change or prescribe medication 'in conscious disregard of an excessive risk to plaintiff's health.'") (internal citations omitted).)  Plaintiff primarily takes issue with defendants' treatment of his hypertension, but the record on summary judgment demonstrates that he "was examined several occasions, and Defendants made objective findings based upon their examinations, and determined an appropriate course of treatment based upon their examinations."  (Doc. No. 54 at 16.).  Despite his efforts, plaintiff fails to establish the existence of genuine disputes of material facts and thus, summary judgment must be granted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.  Accordingly,

1. The findings and recommendations issued on November 6, 2020 (Doc. No. 54) are adopted in full;

2. Defendants' motion for summary judgment filed on June 25, 2020 (Doc. No. 48) is granted; and

3. The Clerk of Court is directed to enter judgment in favor of defendants and to close the case.

IT IS SO ORDERED.

Dated:  **February 18, 2021**               /s/ Dale A. Drozd
                                          UNITED STATES DISTRICT JUDGE